UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERNARD CLEMENTS,<br><br>Plaintiff,<br><br>v.<br><br>MILOUS JAMES IVORY, et al.,<br><br>Defendants. | Case No. 23-cv-05202-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 8 |

Before the Court is Plaintiff George Bernard Clements, Jr.'s ("Clements") unopposed motion to remand. The matter is suitable for decision without oral argument. *See* Civil L.R. 7-6. This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion to remand for the following reasons.

Clements argues that remand is proper because removal was untimely and the well-pleaded complaint does not raise a federal question. ECF 8 at 1-2.[1] Defendant Milous James Ivory ("Ivory"), who removed the case, failed to respond to the motion to remand. The Court agrees with Clements.

The notice of removal was untimely as it occurred long after the 30-day window permitted in 28 U.S.C. § 1446(b)(1). Clements does not allege when he served Ivory. However, Ivory answered Plaintiff's complaint on April 4, 2022, and was thus served at least some time prior to April 4, 2022. ECF 8-1 ("Brink Decl.") ¶ 3. Ivory filed the notice of removal over 18 months

---

[1] Defendant does not allege subject matter jurisdiction based on diversity of citizenship. To the extent he alleges diversity of citizenship, ECF 1 at 3, he has failed to provide any evidence of the citizenship of the parties or the amount in controversy, and Defendant Russell Alan Robinson has not consented to removal. *See* 28 U.S.C. §§ 1332, 1441; ECF 9.

later, on October 12, 2023.  *Id.*; ECF 1.  As removal was untimely, and Plaintiff timely challenged removal on this basis, *see* ECF 8, the case must be remanded.  *See* 28 U.S.C. § 1447; *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) ("If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate.").

Even had Clements timely removed the case to this Court, nothing on the face of the complaint shows any claims arising under the Constitution, laws, or treaties of the United States.  ECF 1 at 8-29 (raising claims for fraud, intentional and negligent misrepresentation, unjust enrichment, quiet title, slander of title, and negligence); *see* 28 U.S.C § 1331; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  In the notice of removal, Ivory cites broadly to the Fifth and Fourteenth Amendments, ECF 1 at 2, neither of which are raised by the complaint.  Ivory also refers to two pages of the complaint which cite to a federal immigration law that the parties agree "was supposed to be stricken from the complaint."  *Id.*; *see* ECF 8 at 4.  The complaint does not raise immigration issues.  *See* ECF 1 at 8-29.  Because Ivory has not identified any federal question in the complaint, the Court does not have federal question jurisdiction over this case.

**CONCLUSION**

For the foregoing reasons, the Court does not have subject matter jurisdiction.  Accordingly, the Court **GRANTS** Plaintiff's motion to remand.  The Clerk **SHALL** transmit the file to the Superior Court of the State of California, County of San Francisco and close the case.

**IT IS SO ORDERED.**

Dated: December 8, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2